**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4818**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

OTILIO DELGADO, a/k/a Tilo, a/k/a Otilio Nava, a/k/a Otilio
Delgado-Nava,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., District
Judge.  (3:09-cr-00500-JFA-3)

─────────────

Submitted:  July 21, 2011         Decided:  July 25, 2011

─────────────

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Michael Chesser, Aiken, South Carolina, for Appellant. Stacey
Denise Haynes, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Otilio Delgado pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute cocaine, crack cocaine, and marijuana, and illegal entry into the United States. The district court sentenced Delgado to a total of 135 months' imprisonment, comprised of 135 months on the drug count and a concurrent 24 months on the illegal entry count. On appeal, Delgado's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether Delgado's sentence was substantively reasonable. Neither Delgado nor the Government has filed a brief. We affirm.

Delgado contends that the sentencing court placed too much weight on his repeated attempts at illegal entry and did not attribute appropriate significance to other mitigating factors. Delgado contends that the statutory mandatory minimum sentence of 120 months would have been more appropriate. When reviewing a sentence for substantive reasonableness, we take into account "the totality of the circumstances." Gall v. United States, 552 U.S. 38, 51 (2007). We accord a sentence within a properly-calculated Guidelines range an appellate presumption of reasonableness. See United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). Such a presumption is

2

rebutted only by showing "that the sentence is unreasonable when measured against the [18 U.S.C.A.] § 3553(a) [(West 2000 & Supp. 2011)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

After reviewing the record, we conclude that the district court properly analyzed the arguments presented by Delgado and appropriately imposed a sentence at the bottom of the Guidelines range. The court considered the mitigating circumstances raised by Delgado and relied on them in choosing the sentence. However, the court also noted Delgado's repeated illegal attempts to enter the country, as well as his participation in a conspiracy that involved guns and kilogram quantities of cocaine. Taking into account the totality of the circumstances and the court's explicit consideration of each of the § 3553 factors, we can find no abuse of discretion, and so, we conclude that Delgado's sentence is substantively reasonable.

Pursuant to Anders, we have examined the entire record for meritorious appellate issues and found none. Accordingly, we affirm Delgado's convictions and sentence. This court requires that counsel inform Delgado in writing of his right to petition the Supreme Court of the United States for further review. If Delgado requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from

3

representation. Counsel's motion must state that a copy thereof was served on Delgado.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED